ORIGINAL

# In the United States Court of Federal Claims

No. 16-1591C
(Filed: April 11, 2017)

* * * * * * * * * * * * * * * * * * * * *

JOSEPH DUBOSE,

*Plaintiff,*

v.

THE UNITED STATES,

*Defendant.*

* * * * * * * * * * * * * * * * * * * * *

FILED

APR 1 1 2017

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

Plaintiff, appearing *pro se*, filed his complaint on November 30, 2016, asking the court to correct information relating to his social security number so that he can receive a monthly pension benefit of $62,772.03.[1] In his complaint, plaintiff also requests to receive additional "benefit claims, including retirement packages; annuities plan benefits, life insurance benefits, inheritances insurance benefits, [and] District insurance retirement for district residence." Pl.'s Compl. Finally, plaintiff also asks the court to provide a copy of his social security card.

Defendant filed a motion to dismiss on January 5, 2017, arguing that we lack subject-matter jurisdiction to entertain plaintiff's claims. Plaintiff failed to file a response to defendant's motion by the February 6, 2017 deadline. Because we lack subject-matter jurisdiction, we grant defendant's motion to dismiss.

*Pro se* plaintiffs are afforded latitude in their filings, *see, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed.Cir. 1995), and are entitled to a liberal

---

[1] Along with his complaint, plaintiff filed a motion to proceed *in forma pauperis* on November 30, 2016.

construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). That said, the *pro se* plaintiff is not relieved of his duty to meet the court's jurisdictional requirements. *See Henke*, 60 F.3d at 799. Before the court considers the merits of a complaint, it must determine the threshold matter of subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Because we are deciding a motion to dismiss, we construe the allegations in the complaint in the light most favorable to plaintiff and assume all unchallenged factual allegations to be true. *See, e.g., Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). In this case, since plaintiff's complaint contains little more than bare requests for relief, there is not much substance on which the court may shine a favorable light for plaintiff.

The Tucker Act, this court's primary grant of jurisdiction, affords us the authority to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). Thus plaintiff must allege that there is a constitutional, statutory, or regulatory provision that directs that he is presently owed some amount of money or that he has a contract with the government under which he is owed payment. Generously read, plaintiff's claim is that he is owed various pension benefits, totaling more than $750,000 a year, seemingly from the Pension Benefit Guaranty Corporation.[2]

We do not have jurisdiction over such pension claims. 28 U.S.C. § 1501 (2012) provides that "[t]he United States Court of Federal Claims shall not have jurisdiction of any claim for a pension." As a result, claims asking the federal government "to pay the pensions in place of the private employers," which is the function of the Pension Benefit Guaranty Corporation, "lie outside the subject matter jurisdiction of this court and" must be dismissed. *Howell v. United States*, 127 Fed. Cl. 775, 778 (2016).

---

[2] We note that plaintiff's complaint does not make clear whether the allegedly owed pension benefits would be coming from the federal government or some third party.

Additionally, we do not have general equitable jurisdiction to provide the non-monetary relief plaintiff seeks.  Outside the context of a bid protest, equitable relief may only be provided as an incident of and collateral to a money judgment. *See James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998). Plaintiff's complaint does not include allegations that could plausibly lead to such a circumstance.  Accordingly, we do not have jurisdiction over plaintiff's non-monetary claims.

Because this court does not have subject-matter jurisdiction over any of the allegations in plaintiff's complaint,  it must be dismissed.  As a result, the following is ordered:

1. Defendant's motion to dismiss pursuant to Rule 12(b)(1) is granted.

2. For good cause shown, plaintiff's motion to proceed *in forma pauperis* is granted.

3. The Clerk of Court is ordered to dismiss the complaint for lack of jurisdiction and enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Senior Judge

3